## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN GRAVES,<br>406 Division Avenue, NE<br>Washington, DC 20019,<br><br>GRACIE GRAVES,<br>406 Division Avenue, NE<br>Washington, DC 20019,<br>                      Plaintiffs,<br><br>        v.<br><br>AMERICAN BROKERS CONDUIT<br>538 Broadhollow Road<br>Melville, NY 11747,<br><br>AMERICAN HOME MORTGAGE CORP.<br>538 Broadhollow Road<br>Melville, NY 11747,<br><br>PREMIER FINANCIAL CO.; SAVINGS<br>a/k/a PINNACLE FINANCIAL SERVICES<br>605 Main Street<br>Laurel, MD 20707,<br><br>INDYMAC BANK, F.S.B.<br>888 East Walnut Street<br>Pasadena, CA 19901,<br><br>FIRST MORTGAGE LLC<br>100 Painters Mill Road, Suite 800<br>Owings Mills, MD 21117,<br><br>                     Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Indymac Bank, F.S.B. ("Indymac"), through undersigned counsel, hereby

provides Notice of Removal to this Court of the Complaint filed in the District of Columbia

Superior Court by Herman and Gracie Graves (collectively, "Plaintiffs") against American

Brokers Conduit, American Home Mortgage Corporation, Premier Financial Company, Indymac Bank, F.S.B., and Savings First Mortgage LLC[1] (collectively, "Defendants") as Civil Action No. 003926-08 (the "Complaint"). As grounds for removal, Indymac states that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332(a). In support of this Motion, Indymac states that this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the following reasons:

1.    On or about May 23, 200, Plaintiffs filed the Complaint against Defendants. The Complaint was filed in the District of Columbia Superior Court as Civil Action No. 003926-08. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that have been served on Indymac are attached hereto as **Exhibit A**.

2.    Removal to this Court is proper under 28 U.S.C. § 1441(a) because this is a civil action initiated in a state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the action is pending.

3.    The Complaint is a civil action for which this Court would have original jurisdiction when it was instituted and of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 & 1332, and is one which Defendants may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441.

4.    The Complaint is a civil action of which this Court has original jurisdiction founded on a claim or right arising under the laws of the United States. Specifically, this Court

---

[1]    Paragraph 10 of the Plaintiffs' Complaint refers to "Savings First Mortgage LLC" as a defendant in this action. However, the caption of the Plaintiff's Complaint incorrectly names "First Mortgage LLC" as a defendant. Without waiving or conceding any rights, for purposes of filing this Notice of Removal, Indymac assumes that Plaintiffs intended to identify Savings First Mortgage LLC as a defendant, since there is not a Maryland entity named "First Mortgage LLC."

has jurisdiction pursuant to 28 U.S.C. § 1331, because Count III of the Complaint seeks relief

and damages from Defendants American Home Mortgage Corporation d/b/a American Brokers

Conduit and Saving First Mortgage LLC for alleged violations of the federal Truth in Lending

Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. Part 226.  This Court

further has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Counts I and III of

the Complaint wholly displace the local District of Columbia statutory action against Indymac's

lending activities and practices  through complete preemption of lending activities by federal

savings banks.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (permitting removal

of state law claim implicating usury laws because federal statutes provide exclusive regulation of

national banks); *see also Fidelity Fed. Savings & Loan Ass'n v. Cuesta*, 458 U.S. 141, 162

(1982) (Congress expressly approved promulgation of regulations superseding state law

governing lending activities of federal banks); 12 C.F.R. § 560.2 (Office of Thrift Supervision,

agency with governing authority over federal associations and savings banks, "occupies the

entire field of lending regulation for federal savings associations").

   5. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because

the Complaint is a civil action wherein the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interest and costs, and it is between citizens of different states.

Specifically, the Complaint alleges that Plaintiffs are residents of the District of Columbia.

Compl. ¶¶ 5-6.

   6. The Complaint further alleges that American Home Mortgage Corporation was

doing business as American Brokers Conduit, and organized under the laws of New York with

principal place of business in Mellville, New York.  Compl. ¶ 7.  For purposes of diversity

jurisdiction, the citizenship of American Home Mortgage Corporation d/b/a American Brokers Conduit is in New York. *See* 28 U.S.C. § 1332(c)(1).

7.    The Complaint further alleges that Defendant Premier Financial Services Company is a Maryland corporation with a principal place of business in Laurel, Maryland; Compl. ¶ 8; and that Defendant Savings First Mortgage LLC is a Maryland corporation with a principal place of business in Owings Mills, Maryland, *id.* ¶ 10.  For purposes of diversity jurisdiction, Defendants Premier Financial Services Company and Savings First Mortgage LLC are citizens of Maryland. *See* 28 U.S.C. § 1332(c)(1).

8.    Furthermore, Indymac is a citizen of California because it is a federally chartered savings bank with a home office located in Pasadena, California. *See* Compl. ¶ 9; 12 U.S.C. § 1464(x).

9.    Accordingly, none of the Defendants is a citizen of the District of Columbia, and likewise were not citizens of the District of Columbia at the time the action was filed.

10.    The Complaint is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, because the Complaint requests the voiding and recission of loans amounting to more than $225,000, as well as actual damages of $300,000 against Defendants. *See* Compl. ¶¶ 24, 38, 65, and the Civil Information Sheet filed by Plaintiffs in District of Columbia Superior Court (containing a Demand for $300,000).  In addition, the Complaint requests compensatory, treble, punitive damages, statutory damages, costs, and attorneys fees. *See* Compl. at pp. 14-15 ("Prayer for Relief").

11.    Because complete diversity exists between Plaintiff and Defendants, and the amount alleged in controversy exceeds the jurisdictional amount set by 28 U.S.C. § 1332, this

Court is vested with subject matter jurisdiction. The prerequisites for removal have therefore been satisfied.

12.    The filing of this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). The docket of this matter in the Superior Court contains affidavits of service claiming that the Defendants were served with process on the following dates: Savings First Mortgage LLC (May 29, 2008); American Home Mortgage Corporation (May 30, 2008); American Brokers Conduit (May 30, 2008); Indymac (June 2, 2008); and Premier Financial Co. (June 6, 2008) (collectively attached hereto as **Exhibit B**). Therefore, the thirty day removal period has not expired and the Notice of Removal is timely.

13.    Premier Financial Company and Savings First Mortgage LLC consent to removal of this action, as reflected by their respective notices of consent to and joinder in this Notice of Removal, attached hereto as **Exhibit C**.

14.    American Home Mortgage Corporation d/b/a American Brokers Conduit filed a Chapter 11 bankruptcy petition on August 6, 2007. *See* Compl. ¶ 7. The allegations concerning American Home Mortgage Corporation and American Brokers Conduit accrued prior to the filing of the Chapter 11 bankruptcy petition. *See* Compl. ¶¶ 29-38 (alleging that Plaintiffs completed the loan documents relating to American Brokers Conduit within a few short months following November, 2007). Thus, the action against American Home Mortgage Corporation and American Brokers Conduit is void, as it is in contravention of the automatic stay in the bankruptcy proceedings and does not fall within one of the statutory exceptions. *See* 11 U.S.C. § 362 (automatic stay provisions); *Rehabilitated Inner City Hous., LLC. v. Mayor and City Council of Baltimore City (In re Lesick),* Bankruptcy No. 03-00038, 2006 WL 2083655 at *5 (Bankr. D.D.C. July 19, 2006) ("Importantly, this court adheres to the majority view that actions taken in

violation of the automatic stay are void and not merely voidable.") (citing *Rothernberg v. Ralph D. Kaiser Co. (In re Rothenberg)*, 173 B.R. 4, 14 (Bankr. D.D.C. 1994)).  Accordingly, the consent to or joinder in the Notice of Removal by American Home Mortgage Corporation d/b/a American Brokers Conduit is not required to effect removal.  *See Henson v. Western Star Trucks, Inc.*, No. Civ.A.3:02CV386S, 2003 WL 25548018 at *1-2 (W.D. Ky. Feb. 4, 2003) (consent to removal is not required from co-defendant when the plaintiff's action was commenced following filing of the bankruptcy petition and in violation of the automatic bankruptcy stay) (attached hereto as **Exhibit D**).

WHEREFORE, Defendant Indymac, as joined by Premier Financial Company and Savings First Mortgage LLC, respectfully requests that the action pending in the District of Columbia Superior Court be removed to this Court.

Respectfully submitted,

Andrew C. Bernasconi
D.C. Bar No. 484614
REED SMITH, LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, D.C. 20005
Telephone:  (202) 414-9200
Facsimile:  (202) 414-9299
abernasconi@reedsmith.com

*Counsel for Defendant Indymac Bank, F.S.B.*

Dated:  June 30, 2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HERMAN GRAVES, GRACIE GRAVES | AMERICAN BROKERS CONDUIT, AMERICAN HOME MORTGAGE CORP., PREMIER FINANCIAL CO.; SAVINGS a/k/a PINNCALE FINANCIAL SERVICES, INDYMAC BANK, F.S.B., FIRST MORTGAGE LLC |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) _____ NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Rawle Andrews, Jr., Vanessa NesSmith AARP Legal Counsel for the Elderly 601 E. Street, NW, Suite A4-400 Washington, DC 20049 (202) 434-2158 | Andrew C. Bernasconi (Attorney for Defendant IndyMac Bank, F.S.B.) Reed Smith LLP 1301 K Street NW Suite 1100 -East Tower Washington, DC 20005 (202) 414-9200 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
- ☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

● **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Truth In Lending Act, 15 U.S.C. 1601 et seq.; D.C. Code 28-3301 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** 300,000   Check YES only if demanded in complaint
**JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   June 30, 2008   SIGNATURE OF ATTORNEY OF RECORD   _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT A



Home | Help



**Track & Confirm**

# Track & Confirm

## Search Results

Label/Receipt Number: 7003 1680 0004 6117 7757
Status: **Delivered**

Your item was delivered at 11:32 AM on June 2, 2008 in PASADENA, CA 91101.



**Track & Confirm**

Enter Label/Receipt Number.

(

## Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.  ( Go › )

| Site Map | Contact Us | Forms | Gov't Services | Jobs | Privacy Policy | Terms of Use | National & Premier Accounts |
|---|---|---|---|---|---|---|---|

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA    Postal Inspectors    Inspector Ge
Preserving the Trust    Promoting In

OFFD  10051 6703

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

RECEIVED BY
LEGAL DEPARTMENT
Mail @ d3
JUN 0 2 2008

HERMAN GRAVES; and GRACIE GRAVES

Case Number: _____

vs

Date: _____

AMERICAN BROKERS CONDUIT, et al.

| Name: (please print) RAWLE ANDREWS, JR | Relationship to Lawsuit ☑ Attorney for Plaintiff |
|---|---|
| Firm Name: AARP LEGAL COUNSEL FOR THE ELDERLY | ☐ Self (Pro Se) Other: _____ |
| Telephone No.: 202-434-2158 | Six digit Unified Bar No.: 436283 | |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☑ 12 Person Jury
Demand:$ 300,500.00 _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: N/A _____ Judge: _____ Calendar #: _____

Case No.: N/A _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**

☑ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

COLLECTION CASES
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07

# INFORMATION SHEET,    Continued

| D. OTHERS | | |
|---|---|---|
| **I.** | ☐ 10 T.R.O./Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 01 Accounting | ☐ 11 Writ of Replevin | ☐ 26 Insurance/Subrogation |
| ☐ 02 Att. Before Judgment | ☐ 12 Enforce Mechanics Lien |    Under $25,000 Consent Denied |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/Subrogation |
| ☐ 05 Ejectment | ☐ 17 Merit Personnel Act (OEA) |    Over $25,000 |
| ☐ 07 Insurance/Subrogation |    (D.C. Code Title 1, Chapter 6) | ☐ 28 Motion to Confirm Arbitration |
|    Under $25,000 Pltf. | ☐ 18 Product Liability |    Award (Collection Cases Only) |
|    Grants Consent | ☐ 24 Application to Confirm, Modify, | ☐ 29 Merit Personnel Act (OHR) |
| ☐ 08 Quite Title |    Vacate Arbitration Award | ☐ 30 Liens: Tax/Water Consent Denied |
| ☐ 09 Special Writ/Warrants |    (D.C. Co    de § 16-4315) | |
|    DC Code § 11  -941 | | |
| **II.** | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 03 Change of Name | ☐ 19 Enter Administrative Order as |    [Rule 28  -I (b)] |
| ☐ 06 Foreign Judgment |    Judgment [D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 13 Correction of Birth Certificate |    2 -1802.03(h) or 32-1519(a)] | ☐ 23 Rule 27 (a)(1) |
| ☐ 14 Correction of Marriage | ☐ 20 Master Meter (D.C. Code § |    (Perpetuate Testimony) |
|    Certificate |    42 -3301, et seq.) | |

_____          05 / 23 / 2008
    Attorney's Signature                              Date

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

HERMAN GRAVES; and GRACIE GRAVES
Husband and Wife,

*Plaintiff*

**0003926-08**

vs.

Civil Action No. _____

INDY MAC BANK F.S.B.
888 East Walnut Street
Pasadena, CA 19901           *Defendant*
(626)535-5901

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

|  |  |
|---|---|
| Rawle Andrews, Jr. | *Clerk of the Court* |
| Name of Plaintiff's Attorney    DC Bar # 436283 | |
| 601 E Street, NW, Ste. A4-400 | By  _____ |
| Address | Deputy Clerk |
| Washington, DC 20049 | |
| (202) 434-2158 | Date  5/23/2008 |
| Telephone | |

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

RECEIVED
Civil Clerk's Office

MAY 2 3 2008

Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

HERMAN GRAVES )
406 Division Avenue, NE )
Washington, D.C. 20019 )
(202) 399-6428 )
)
GRACIE GRAVES )
406 Division Avenue, NE )
Washington, DC 20019 )
(202) 399-6428 )
)
   Husband and Wife, )
)
     Plaintiffs, )
)
   v. )
)
AMERICAN BROKERS CONDUIT )
538 Broadhollow Road )
Melville, NY 11747 )
(631) 622-2800 )
)
AMERICAN HOME MORTGAGE CORP. )
538 Broadhollow Road )
Melville, NY 11747 )
(877) 227-0400 )
)
PREMIER FINANCIAL CO.; SAVINGS )
a/k/a PINNACLE FINANCIAL SERVICES )
605 Main Street )
Laurel, MD 20707 )
(301) 937-1919 )
)
INDYMAC BANK, F.S.B )
888 East Walnut Street )
Pasadena, CA 19901 )
(626) 535-5901 )
)
FIRST MORTGAGE LLC; )
100 Painters Mill Road, Suite 800 )
Owings Mills, MD 21117 )
(410) 654-8800 )
Toll Free (800) 261-4004 ).

Civil Action No.: 0003926-08

**JURY TRIAL DEMANDED**

```
                                        )
                                        )
                                        )
                    Defendants.         )
                                        )
 _____)
```

## COMPLAINT TO SET ASIDE DEEDS, QUIET TITLE TO REAL PROPERTY, OBTAIN DAMAGES FOR FRAUD, DECLARATORY AND INJUNCTIVE RELIEF (ACTION INVOLVING REAL PROPERTY)

### VERIFIED COMPLAINT

Plaintiffs, Herman Graves and Gracie Graves, husband and wife, (collectively, the "Graves" or "Plaintiffs") by and through and their undersigned counsel at AARP Legal Counsel for the Elderly, hereby aver as follows:

### Nature of the Case

1.     The Graves bring this action to seek redress against Defendants to curb abusive home lending practices that have caused significantly harm to Plaintiffs. On information and belief, these Defendants have engaged in a pattern or practice of targeting low income homeowners and inducing them to enter illegal, high-cost mortgage loans, which Defendants have reason to know these borrowers either cannot repay or can repay only through extreme personal hardship and financial deprivation.

2.     Plaintiffs' District of Columbia claims arise under D.C. Code §§ 28-3901 *et seq*. Additionally, Plaintiffs assert various claims arising under the federal Truth in Lending Act, 15 U.S.C. §§1601, et seq. ("TILA") and a corollary D.C. statute, D.C. Code §§ 28-3301 *et seq*.

### Jurisdiction

3.     This Court has jurisdiction pursuant to D.C. Code Ann. §§ 11-921 and 13-423. The underlying facts substantiating jurisdiction and venue are set forth more fully herein.

4.    Venue is proper in this judicial district because a substantial portion of the events giving rise to this Complaint occurred within the District of Columbia and the residential real property that is the subject of this action is situated in the District of Columbia.

**Parties**

5.    Plaintiff Gracie M. Graves is a natural person who resides at 406 Division Avenue NE, Washington, D.C.

6.    Plaintiff Herman Graves a natural person who resides at 406 Division Avenue NE, Washington, D.C.

7.    Defendant American Brokers Conduit is one of the several names under which American Home Mortgage Corp. does business. American Brokers Conduit is a wholly owned subsidiary of American Home Mortgage Investment Corp. American Brokers Conduit is organized under the laws of New York and maintains its principal place of business at 538 Broadhollow Road, Mellville, NY 11747. American Brokers Conduit is a licensed mortgage banker in the state of New York, and on information and belief, is authorized to conduct mortgage business within the District of Columbia. On August 6, 2007, American Brokers Conduit filed for Chapter 11 bankruptcy in Delaware and ceased originating mortgages. Until that time, upon information and belief, American Brokers Conduit was a wholesale lender, obtaining of its loans through a network of mortgage brokers. Upon information and belief, American Brokers Conduit required all brokers that it contracted with to become affiliated with American Brokers Conduit through its approval process. Upon information and belief, American Brokers Conduit offered and sold its mortgage product, the MTA Power Option ARM product, to consumers in the District of Columbia and many other states.

8.    Defendant,   Premier Financial Co. ("Premier") a/k/a/ Pinnacle Financial Services Co. is a Maryland corporation whose principal place of business is 605 Main Street, Laurel,

Maryland 20707. On information and belief, at all relevant times herein, Premier was in the business of brokering residential mortgage loans and regularly solicited and did business with homeowners in the District of Columbia.

9.    Defendant Indy Mac Bank F.S.B. is a federally chartered savings bank located at 888 East Walnut Street, Pasadena CA 19901 that conducts business in all 50 states and the District of Columbia. It regularly purchases loans secured by homes in the District of Columbia.

10.    Defendant Savings First Mortgage LLC is a Maryland corporation whose principal place of business is 100 Painters Mill Road, Suite 800, Owings Mills, MD 21117. Savings First is licensed as a mortgage lender and broker in the District of Columbia.

## GENERAL ALLEGATIONS

11.    Since approximately 1972, the Graves have owned their home at 406 Division Avenue, NE, Washington, DC 20019 (or the "Division Street home").

12.    As a World War II veteran, Mr. Graves qualified for a government insured mortgage to purchase the property for $55,000.

13.    Mr. Graves, aged 77, worked as a stock man for Safeway for twenty-five years. He presently is retired and receives $304 per month from his Safeway pension as well as approximately $1,062 in monthly Social Security benefits.

14.    Mrs. Graves, aged 74, worked as a nanny for a D.C. family for many years. She receives Social Security benefits of $639 monthly.

15.    The Graves grew up in a small town outside Greensboro, N.C. Mr. Graves completed twelve years of schooling, but Mrs. Graves left after the eleventh grade and eventually married Mr. Graves.

16.    Over the past several years, Mr. and Mrs. Graves have been repeatedly solicited with telephone calls and mailings to refinance the mortgage on their home. The representations

and promises made in these solicitations were particularly attractive to them because of their limited financial resources.

17.    Over the years, they have been passed from one lender to another, each of which stripped more equity from their home in the form of upfront fees and costs.

18.    During the fall of 2006, the Graves were solicited over the telephone for yet another refinance of their mortgage. The telemarketer told them that he had a mortgage product that was specially suited to their income situation and that would allow them to draw cash out. The ability to draw cash out was especially attractive to Mr. Graves, who had an expensive car payment and some other debts he wanted to pay off.

19.    A woman named Edith Taggert came to the Graves' home and took a loan application. Among other things, Ms. Taggert collected information from them about their monthly income, made copies of their Social Security income verifications and their tax returns.

20.    Initially, the Graves were advised that the closing the refinancing package would take place in their home. Shortly before the scheduled closing date on the refinancing package, the Graves were informed, without a detailed explanation that the closing would have to take place at an off-site location.

21.    On November 13, 2006, a young man picked up Mr. and Mrs. Graves and drove them to the D.C. public library on East Capital Street, NE. There, he had the Graves execute the mortgage documents. Mr. and Mrs. Graves were given unsigned copies of the documents the same day.

22.    The mortgage lender named on the documents is Savings First Mortgage, LLC.

23.    The mortgage was sold immediately to IndyMac Bank.

24.   The Graves' new mortgage was a $227,250 loan to Gracie Graves with an adjustable rate Note that began with a teaser rate of 2.2%. This rate was operative for approximately 48 days, at which time the rate adjusted according to a U.S. Treasury securities index, plus 3.650%.

25.   The initial monthly principal and interest payments on the Note were $862.87. Although the rate charged the Graves adjusted virtually immediately after settlement, the payment remained the same until January, 2008.

26.   As a result, unless Mr. and Mrs. Graves made payments substantially in excess of the required monthly payment, their payments did not even cover the interest that was accruing.

27.   The loan is negatively amortizing; adding hundreds of dollars to the principal amount owed each month.

28.   Although Mr. and Mrs. Graves have always owned the Division Avenue home together continuously since 1972, the Note was placed in the name of Gracie Graves only.

29.   Despite the Graves' full disclosure and verification of their income, the Loan Application on which the November 2006 Savings First/IndyMac mortgage was based states their monthly income is "$0.00".

30.   A few months later, the Graves were solicited through the mail with an offer that represents that the lender would lower their house note. Concerned about their rising debt load and ability to manage the home loan, Mrs. Graves responded by calling the number on the mailer and reached Premier Financial Company ("Premier") representative, Ryan Vanscner.

31.   The following day, a young woman came to the Graves' home. She completed a Loan Application and collected the Graves' income information and verifications. She told the Graves that their new monthly payment would be only $706. This delighted them.

32.    When it came time to close on the mortgage, the Graves were told that they could not sign the loan papers in their home because that was a violation of D.C. law. Instead, they were taken by a representative of the new lender to a Denny's restaurant in the area.

33.    Mr. Graves objected and said the place was too noisy. The representative then suggested they sign the papers in the car.

34.    Because both Mr. and Mrs. Graves have trouble with their eye sight, signing the loan papers in the car was not workable or ideal solution for such an important transaction.

35.    The following day, the young woman who had taken their Loan Application returned to their home. She took the Graves to the public library in Fairmont Heights, MD and had them sign the loan documents.

36.    The mortgage company representative was on the telephone with her office most of the time she was conducting the Graves' loan closing.

37.    When the loan closing was completed, the mortgage company's representative took Mr. and Mrs. Graves to a neighborhood in Prince Georges County, Maryland. She posed them in front of an unknown and unidentified house and took their photograph.

38.    The lender on the new mortgage was American Brokers Conduit. Unbeknownst to the Graves, the IndyMac mortgage had a prepayment penalty that, on information and belief, drove up the payoff on that mortgage from its original principal of $ 227,250 to a payoff of $230,320, less than three (3) months later it was originated.

39.    The American Brokers mortgage was a payment option ARM with an initial teaser rate that terminated in approximately 30 days.

40.    On information and belief, American Brokers Conduit submitted their loan and had it approved without regard to their income.

7

41.    Although it was not the lender, Premier was paid a loan origination fee of $969, as well as approximately $1,100 more in broker and other fees from the proceeds of the mortgage. Additionally, American Brokers Conduit paid Premier a "Broker Premium" or Yield Spread Premium of $10,320 for its referral of the Graves' loan despite the fact that Mrs. Graves credit score was "744" at the time the home loan closed.

42.    Like Savings First and IndyMac loan, American Brokers Conduit Note was made to Gracie Graves only.

43.    Herman Graves is not a party to the Note or the Deed of Trust, and Mr. Graves was not provided a Notice of Right to Cancel the mortgage.

44.    The American Brokers Conduit mortgage initially lowered the Graves' monthly payment by stretching out the term of their loan to 40 years. As a result of this "change" and the 1% teaser rate, the Graves' initial monthly mortgage payment was $625.06.

45.    The Graves believed they had finally gotten into a mortgage loan they could afford.

46.    However, when the Graves received their first monthly statement, they realized for the first time that they had been misled by Defendants.

47.    Among other things, the statement indicates the three (3) possible payment levels. As such, in order to pay the mortgage off within the forty year term of the loan, the Graves would have to make monthly payments of not less than $1,800 per month.

48.    Mrs. Graves promptly called Ryan Vanscner's phone number in attempt to correct this situation. Mrs. Graves was told that Premier had gone out of business.

49.    The American Brokers Conduit mortgage contains a prepayment penalty addendum.

50.    Moreover, all the wrongs arising out of or related to the servicing of the subject mortgage constitute on-going and continuing wrongs for which there has been no satisfactory resolution despite Plaintiffs' request that Defendants provide more lawful or equitable terms.

51.    As such, if the Graves attempt to refinance out of this mortgage within the first three years, they will be required to pay this penalty absent judicial relief.

### COUNT I
**(Violation of the D.C. Consumer Protection Procedures Act**
**Savings First, IndyMac, Premier, and American Brokers Conduit)**

52.    Plaintiffs reallege and incorporate by reference all the allegations set forth in this Verified Complaint as if fully set forth herein.

53.    To protect consumers from unfair and misleading business practices and to provide consumers with proper redress of grievances, the District of Columbia enacted the Consumer Protection Procedures Act ("CPPA"), D.C. Code §28-3901 et seq.

54.    The CPPA applies to consumer credit loans secured by residential property. Any consumer who suffers damages as a result of violations of the CPPA may bring an action and recover treble damages, attorneys' fees, punitive damages and other appropriate relief.

55.    Section 28-3904 of the CPPA makes it a violation for any person to misrepresent a material fact which has a tendency to mislead a consumer or to fail to state a material fact if such failure tends to mislead.

56.    Section 28-3904(r) of the CPPA prohibits the making of unconscionable loans.

57.    Defendants violated the section 3904 of the CPPA in that:

    a.    They misrepresented the benefits of the loans to Mr. and Mrs. Graves, misleading them to believe that a refinance of their existing mortgages would improve their financial situation;

9

b. Savings First and Premier led the Graves failed to tell the Graves that refinancing with them subjected the Graves to a prepayment penalty on their prior mortgage;

c. Savings First and Premier failed to inform the Graves that the mortgages they originated for them also had prepayment penalties;

d. Savings First misrepresented that it would provide the Graves with a mortgage loan that was specially suited to their financial needs;

e. Premier misrepresented that its refinance would lower the Note on Graves' current mortgage;

c. They misrepresented the high costs of obtaining the mortgages.

d. American Brokers Conduit made the mortgage loan to Herman Graves without providing him with Notice of the Right to Cancel within three business days as required by the Truth in Lending Act;

e. They failed to explain the complexities of the payment option ARM mortgage to Mr. and Mrs. Graves;

f. Made representations to the Graves to make them believe that the payments on the new mortgages would be affordable to them.

57. Defendants made unconscionable loans to Mr. and Mrs. Graves in violation of D.C. Code 28-3904(r) in that they:

a. Charged excessive fees and other costs and imposed onerous or unfair terms;

b. Took advantage of Mr. and Mrs. Graves' inability to protect their own interests by reason of age, infirmities and lack of sophistication;

c. Made payment option adjustable rate mortgages to Mr. and Mrs. Graves with knowledge that there was no reasonable probability that they would be able to repay them;

d. Made payment option ARM mortgages to Mr. and Mrs. Graves under "no income, no asset" guidelines that ignored the amount of their income.

58.     Defendants' actions constitute unfair and deceptive practices within the meaning of the CPPA. As a direct and proximate result of defendants' actions, the Graves have suffered damages.

59.     Defendants' violations of the CPPA were intentional, willful and wanton and justify the imposition of treble and punitive damages.

## COUNT III

### Violations of the Truth in Lending Act by
### Savings First and American Brokers Conduit

60.     Plaintiffs reallege and incorporate by reference all the allegations set forth in this Verified Complaint as if fully set forth herein.

61.     At all times relevant hereto, Defendants Savings First Mortgage and American Brokers Conduit in the ordinary course of their business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

62.     At all times relevant hereto, Savings First Mortgage and American Brokers Conduit were creditors within the meaning of the Truth in Lending Act ("TILA"), 15 U.S.C. §1602(f) and Regulation Z §226.2(a)(17).

63.     Savings First Mortgage and American Brokers Conduit are the persons to whom the November 13, 2006 and January 24, 2007 transactions which are the subject of this action were initially payable.

64.     TILA and Regulation Z mandate that all closed end consumer loans be accompanied by a Truth in Lending disclosure of material terms; that additional disclosures be provided for certain high cost mortgage loans; and that high cost mortgages be subject to certain additional limitations and protections. TILA requires that the creditors, in extending credit,

11

reveal essential credit terms and appraise consumers of certain terms and conditions of their loans. The TILA covers closed end consumer loans secured by residential property. TILA, 15 U.S.C. §1638, 1639; 12 C.F.R. §226.18.

65.    American Brokers Conduit violated TILA by failing to provide Mr. Graves with Notice of Right to Cancel the $247,200 loan in violation of 15 U.S.C. §1635(a) and Regulation Z §226.23.

66.    Accordingly, Defendant American Broker Conduit's violations of TILA entitle Herman Graves to rescission under 15 U.S.C. §§1635, statutory damages under 15 U.S.C. §1640, as well as attorneys' fees and costs pursuant to 15 U.S.C. §1640.

## COUNT IV

**(Violations of D.C. Code §28-3301 by American Brokers Conduit)**

67.    Plaintiffs reallege and incorporate by reference all the allegations set forth in this Verified Complaint as if fully set forth herein.

68.    Defendant American Brokers Conduit's failure to deliver material disclosures in connection with its loan to all of the Plaintiffs outlined in Count III above also violates D.C. Code §28-3301(f)(3), entitling plaintiff Herman Graves to actual and punitive damages and attorneys fees pursuant to D.C. Code §28-3314.

## COUNT V

**(Violations of TILA by Defendant XX Assignee)**

69.    Plaintiffs reallege and incorporate by reference all the allegations set forth in this Verified Complaint as if fully set forth herein.

70.    Assignees are liable under the TILA for disclosure violations of the original creditor. 15 U.S.C. §1641. Furthermore, the TILA provides that any consumer who has the right

to rescind a transaction under 15 U.S.C. §1635 may rescind the transaction as against the assignee of the obligation.

71.    The Graves sent a written notice of rescission to American Brokers conduit and/or to the appropriate Defendant Assignee before the filing of this action, but to date, Defendants have not ceased actions to enforce the Note.

72.    Accordingly, Plaintiff has lawfully rescinded the American Broker Conduit loan. Defendant Assignees are required to return any interest and charges and to terminate the security interest created by the loan. In addition, any assignees of the mortgage is jointly and severally liable with American Brokers Conduit for rescission of the January 24, 2007loan that were assigned to them pursuant to 15 U.S.C. §1641(c). Defendant assignee is similarly liable for statutory damages pursuant to 15 U.S.C. §§1640 and 1641(a).

## COUNT VI

### (Violation of the CPPA by IndyMac and Defendant Assignees)

73.    Plaintiffs reallege and incorporate by reference all the allegations set forth in this Verified Complaint as if fully set forth herein.

74.    Acting in concert with Premier and Savings First, IndyMac and unknown defendant Assignees, through their actions in promoting, underwriting and ultimately funding the plaintiffs' payment option ARM loans , violated the CPPA by:

        a.    Paying yield spread premiums and other financial incentives to originate loans to borrowers such as plaintiffs with unconscionable prepayment penalties;

        b.    Paying yield spread premiums and other financial incentives to originate loans under "no income, no asset"

13

guidelines that are designed to disguise their knowledge that borrowers such as the plaintiffs would be unable to repay them;

c.     Paying yield spread premiums and other financial incentives to brokers and lenders to originate payment option ARM's that are underwritten, if at all, to the teaser rate that expires shortly after the loan is originated so that borrowers like plaintiffs will be forced to refinance or go into default because of the inability to repay;

d.     Paying yield spread premiums and other financial incentives to brokers and lenders to originate payment option ARM's whose negative amortization will erode the equity in the homes of borrowers such as plaintiffs.

### Prayer for Relief

**WHEREFORE**, Plaintiffs Herman Graves and Gracie Graves respectfully request that this Court enter judgment against the above-named Defendants as follows:

A.     With respect to Counts I, II, and VI, that the Court void the above-referenced loans for unconscionability and award compensatory, treble, and punitive damages, costs, and reasonable attorneys fees;

B.     With respect to Counts I, II, III, and VI, enjoin Defendants from making loans based on the value of the collateral without regard to the homeowner's ability to repay the home loan;

14

C.  With respect to Counts III, V, and VI, that the Court order rescission under

TILA;

D.  With respect to Counts III, V, and VI, that the Court award statutory

damages, costs, and attorneys fees under TILA and enhanced damages for violations of Home

Ownership and Equity Protection Act;

E.  With respect to Counts I , II and IV, that the Court award actual damages,

punitive damages, as well attorneys fees and costs; and,

F.  Such other relief as the Court deems just and proper.

Respectfully submitted,

Rawle Andrews Jr., (DC #436283)
Vanessa NesSmith (DC # 502578)
AARP Legal Counsel for the Elderly
601 E. Street, NW, Suite A4-400
Washington, D.C. 20049
Office: 202-434-2158
Fax:    202-434-6464
RAndrews@aarp.org
VNessmith@aarp.org
Attorneys for Plaintiffs

**Jury Demand**

Plaintiffs hereby demand a jury on all issues so triable.

Rawle Andrews Jr., (DC #436283)
*Attorney for Plaintiffs*

**VERIFICATION**

I, Gracie Graves, verify under penalty of perjury that the facts and statements contained in this Complaint related to the predatory mortgage loan and servicing of my home are true and correct to the best of my knowledge, information and belief.

*Gracie M Graves*
Gracie Graves
An Individual

**DISTRICT OF COLUMBIA**

I, a Notary Public, within and for the District of Columbia, do hereby certify that the foregoing Verification was this day produced to me in the District of Columbia by the person named above and was executed and acknowledged by said person to be her free act and voluntary deed.   SUBSCRIBED AND SWORN TO before me this _6th_ day of ___March___, 200 _8_.

*Linda M Hill*
Notary Public

My Commission Expires _August 19, 2011_.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

HERMAN GRAVES et al

Vs.                                              C.A. No.      2008 CA 003926 B

AMERICAN BROKERS CONDUIT et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge LYNN LEIBOVITZ
Date:  May 23, 2008
Initial Conference: 9:30 am, Friday, August 22, 2008
Location:  Courtroom A-47
           515 5th Street NW
           WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall be not more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

## 2008 CA 003926 B GRAVES, HERMAN Vs. AMERICAN BROKERS CONDUIT

| File Date | 05/23/2008 | Case Status | Open | Case Status Date | 05/23/2008 |
| --- | --- | --- | --- | --- | --- |
| | | Case Disposition | Undisposed | Case Disposition Date | |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
| --- | --- | --- | --- | --- |
| GRAVES, HERMAN | | PLAINTIFF | ANDREWS, JR, Mr RAWLE | (202)434-6464 |
| GRAVES, GRACIE | | PLAINTIFF | ANDREWS, JR, Mr RAWLE | (202)434-6464 |
| AMERICAN BROKERS CONDUIT | | Defendant | | |
| AMERICAN HOME MORTGAGE CORP. | | Defendant | | |
| PREMIER FINANCIAL CO. | PINNACLE FINANCIAL SERVICES | Defendant | | |
| INDYMAC BANK, F.S.B. | | Defendant | BERNASCONI, ANDREW C | (202)414-9280 |
| FIRST MORTGAGE LLC | | Defendant | | |

### Case Schedule

| Date | Start Time | Event Type | Result |
| --- | --- | --- | --- |
| 08/22/2008 | 09:30 AM | Initial Scheduling Conference-60 | |

### Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
| --- | --- | --- | --- | --- |
| 107831 | 06/26/2008 | 485198 | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |
| 107533 | 06/24/2008 | BERNASCONI, ANDREW C | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |
| 104950 | 05/23/2008 | Rawle Andrews, Jr. | | 120.00 |
| | **Payment** | | **Fee** | |

| | | | |
|---|---|---|---|
| Check | 120.00 | Cost | 120.00 |

## Docket Entries

| Date | Text |
|---|---|
| 06/26/2008 | Proof of Service to Order Granting Consent Motion To Extend Time To Respond To Complaint submitted 06/26/2008 17:15. ksc. signed by J/Leibovitz on 6/26/08 |
| 06/26/2008 | Order Granting Consent Motion To Extend Time To Respond To Complaint submitted 06/26/2008 17:15. ksc. signed by J/Leibovitz on 6/26/08 |
| 06/26/2008 | Proof of Service to Order Granting Defendant Motion to Extend Time To Respond to Plaintiff's Complaint submitted 06/26/2008 17:12. ksc. signed by J/Leibovitz on 6/26/08 |
| 06/26/2008 | Order Granting Defendant Motion to Extend Time To Respond to Plaintiff's Complaint submitted 06/26/2008 17:12. ksc. signed by J/Leibovitz on 6/26/08 |
| 06/26/2008 | Order Granting Defendant Premier Financial Co.'s Consent Motion to Extend Time to Respond to Plaintiffs' Complaint Entered on the Docket 6/26/08. Signed 6/26/08 efiled 6/26/08.BB |
| 06/25/2008 | Additional eFiling Document to Defendant Premier Financial Company's Consent Motion to Extend Time to Respond to Plaintiffs' Complaint Filed. Submitted 06/25/2008 16:31. ts. |
| 06/25/2008 | Defendant Premier Financial Company's Consent Motion to Extend Time to Respond to Plaintiffs' Complaint Filed. Submitted 06/25/2008 16:31. ts. Attorney: CAPURSO, TIMOTHY J (485198) Receipt: 107831 Date: 06/26/2008 |
| 06/25/2008 | Proof of Service to Order Granting Motion to Extend Time to Respond to Answer Signed by Judge Leibovitz on 06/25/2008 14:22. tw |
| 06/25/2008 | Order Granting Motion to Extend Time to Respond to Answer Signed by Judge Leibovitz on 06/25/2008 14:22. tw |
| 06/25/2008 | Order Granting Defendant's Consent Motion to Extend Time to Answer or Respond to Complaint Entered on the Docket 6/25/08. Signed 6/24/08 efiled 6/25/08.BB |
| 06/23/2008 | Consent Motion to Enlarge Time for Defendant Indymac Bank, F.S.B. to Answer or Otherwise Respond to the Complaint Filed. submitted 06/23/2008 14:03. tw Attorney: BERNASCONI, ANDREW C (484614) INDYMAC BANK, F.S.B. (Defendant); Receipt: 107533 Date: 06/24/2008 |
| 06/12/2008 | Affidavit of Service of Summons & Complaint by certified mail on INDYMAC BANK, F.S.B. (Defendant); |
| 06/11/2008 | Proof of Service Method : Service Issued Issued : 05/27/2008 Service : Summons Issued Served : 06/06/2008 Return : 06/11/2008 On : PREMIER FINANCIAL CO. Signed By : via Certified Mail Reason : Proof of Service Comment : Tracking #: 5000048663 |
| 06/11/2008 | Affidavit of Service of Summons & Complaint on PREMIER FINANCIAL CO. (Defendant); |
| 06/06/2008 | Proof of Service Method : Service Issued Issued : 05/27/2008 Service : Summons Issued Served : 05/30/2008 Return : 06/06/2008 On : FIRST MORTGAGE LLC Signed By : Angel Ledesma Reason : Proof of Service Comment : Tracking #: 5000048665 |
| 06/06/2008 | Affidavit of Service of Summons & Complaint by Mail on FIRST MORTGAGE LLC (Defendant); |
| 06/06/2008 | Proof of Service Method : Service Issued Issued : 05/27/2008 Service : Summons Issued Served : 05/30/2008 Return : 06/06/2008 On : AMERICAN HOME MORTGAGE CORP. Signed By : Angel Ledesma Reason : Proof of Service Comment : Tracking #: 5000048662 |
| 06/06/2008 | Affidavit of Service of Summons & Complaint by certified mail on AMERICAN HOME MORTGAGE CORP. (Defendant); |
| 06/02/2008 | Proof of Service Method : Service Issued Issued : 05/27/2008 Service : Summons Issued Served : 06/02/2008 Return : 06/02/2008 On : INDYMAC BANK, F.S.B. Signed By : Reason : Proof of Service Comment : Tracking #: 5000048664 |
| 05/27/2008 | Issue Date: 05/27/2008 Service: Summons Issued Method: Service Issued Cost Per: $ AMERICAN BROKERS CONDUIT 538 Broadhollow Road MELVILLE, NY, 11747 Tracking No: 5000048661 AMERICAN HOME MORTGAGE CORP. 538 Broadhollow Road MELVILLE, |

NY 11747 Tracking No: 5000048662 PREMIER FINANCIAL CO. 605 Main Street LAUREL, MD 20707 Tracking No: 5000048663 INDYMAC BANK, F.S.B. 888 East Walnut Street PASADENA, CA 91101 Tracking No: 5000048664 FIRST MORTGAGE LLC 100 Painters Mill Road Suite 800 OWINGS MILLS, MD 21117 Tracking No: 5000048665

05/23/2008 Event Scheduled Event: Initial Scheduling Conference-60 Date: 08/22/2008 Time: 9:30 am Judge: LEIBOVITZ, LYNN Location: Courtroom A-47

05/23/2008 Complaint for Breach of Contract Filed Attorney: ANDREWS Jr, Mr RAWLE (436283) HERMAN GRAVES (PLAINTIFF); GRACIE GRAVES (PLAINTIFF); Receipt: 104950 Date: 05/23/2008

D.C. Superior Court
08 Jun 23 P02:03
Clerk of Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

|  |  |
|---|---|
| HERMAN GRAVES, et al,. | ) |
| Plaintiffs, | ) |
| v. | ) **Civil Action No. 3926-08** |
|  | ) Judge Lynn Leibovitz |
|  | ) Next Court Event: Initial Conference |
| AMERICAN BROKERS CONDUIT, et al., | ) August 22, 2008 |
| Defendants. | ) |

### CONSENT MOTIONTO ENLARGE TIME FOR DEFENDANT INDYMAC BANK, F.S.B. TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Defendant Indymac Bank, F.S.B. ("Indymac"), through undersigned counsel, hereby moves for an enlargement of time to respond to the Plaintiffs' Complaint until and including July 11, 2008. In support of this Motion, Indymac states that counsel just recently became aware of this matter and requires additional time to assess the allegations of the Complaint.

Counsel for Indymac and for Plaintiffs have conferred and agreed that this extension will not cause any prejudice or undue delay in this case.

### Rule 12-I Statement

Counsel for Plaintiffs has consented to the requested relief.

### Proposed Order

A proposed Order is attached hereto.

Dated: June 23, 2008

Respectfully submitted,

/s/  Andrew C. Bernasconi

Andrew C. Bernasconi
D.C. Bar No. #484614)
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 -- East Tower
Washington, D.C. 20005
Tel: (202) 414-9200
Fax: (202) 414-9299
abernasconi@reedsmith.com

*Counsel for Defendant Indymac Bank, F.S.B.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Consent Motion To Enlarge Time For Defendant

Indymac Bank F.S.B. To Answer Or Otherwise Respond To The Complaint, and a Proposed

Order, were served via CaseFileXpress on June 23, 2008, upon:

Rawle Andrews, Jr., Esq.
AARP Legal Counsel for the Elderly
601 E Street NW, Suite A4-400
Washington, DC  20049
*Attorney for Plaintiffs*

John McCauley, Esq.
Gregory Wasylak, Esq.
Venable LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
*Attorneys for Defendant Savings First Mortgage LLC*

/s/ *Andrew C. Bernasconi*
Andrew C. Bernasconi

- 3 -

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

HERMAN GRAVES, et al,.

            Plaintiffs,

      v.

AMERICAN BROKERS CONDUIT, et al.,

            Defendants.

**Civil Action No. 3926-08**

## ORDER

UPON CONSIDERATION of the Consent Motion to Enlarge the Time for Defendant Indymac Bank, F.S.B. To Answer Or Otherwise Respond To The Complaint,

IT IS HEREBY ORDERED that the Consent Motion is GRANTED, and

IT IS FURTHER ORDERED that Indymac Bank, F.S.B. shall answer or otherwise respond to the Complaint on or before July 11, 2008.

SO ORDERED, this _____ day of June, 2008.

_____
Superior Court Judge

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| HERMAN GRAVES, et al. | * | |
| Plaintiffs, | * | Case No.  2008 CA 003926 B |
| v. | * | Judge Lynn Leibovitz |
| AMERICAN BROKERS CONDUIT, et al. | * | Calendar 11 |
| Defendants. | * | |

*    *    *    *    *    *    *    *    *    *    *    *

## ORDER

Upon consideration of the Consent Motion to Enlarge Time for Defendant Indymac

Bank, F.S.B. to Answer or Otherwise Respond to the Complaint, it is this 24th day of June, 2008,

**ORDERED**, that the Consent Motion to Enlarge Time for Defendant Indymac Bank,

F.S.B. to Answer or Otherwise Respond to the Complaint is **GRANTED**; it is further

**ORDERED**, that Indymac Bank, F.S.B. shall have an extension of time through July 3,

2008 to answer or otherwise respond to the complaint.

Lynn Leibovitz
Associate Judge
(signed in chambers)

Copies to:

Andrew C. Bernasconi
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 -- East Tower
Washington, D.C. 20005
*Counsel for Defendant Indymac Bank, F.S.B.*

John A. McCauley, Esquire
Gregory T. Wasylak, Esquire
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
*Counsel for Defendant Savings First Mortgage LLC*

Rawle Andrews, Jr., Esquire
AARP Legal Counsel for the Elderly
601 E. Street, NW, Suite A4-400
Washington, DC 20049
*Counsel for Plaintiffs*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

HERMAN GRAVES and       \*
GRACIE GRAVES

            \*    CASE NO.: 2008-CA-003926 B

     Plaintiffs

            \*    JUDGE: Lynn Leibovitz

  v.

            \*    NEXT EVENT: Initial Conference:
AMERICAN BROKERS CONDUIT, et al.       August 22, 2008, 9:00 a.m.
            \*     Courtroom A-47

     Defendants
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT PREMIER FINANCIAL COMPANY'S CONSENT MOTION
## TO EXTEND TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

   NOW COMES Defendant Premier Financial Company ("Premier"), by and through its

attorneys Timothy J. Capurso, and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC,

and, with the consent of Plaintiffs Herman Graves and Gracie Graves ("Plaintiffs"), respectfully

moves this Honorable Court for an extension of time for Defendant Premier to file a Response to

Plaintiffs' Complaint, and, in support thereof, states as follows:

   1.   On or about May 23, 2008, Plaintiffs filed a Complaint in this Court asserting

violations of District of Columbia and Federal consumer lending laws.

   2.   On or about June 6, 2008, the Complaint was served on Premier via certified mail,

return receipt requested.

   3.   Defendant Premier, with the consent of Plaintiffs, requests that this Court extend

the time for filing a Response to Plaintiffs' Complaint up through and including July 10, 2008.

   4.   On June 24, 2008, counsel for Defendant Premier communicated with Rawle

Andrews, Jr., counsel for Plaintiffs, through e-mail. Attorney Andrews consented to Defendant

Premier's request for this extension.

5.    This extension is not sought for purposes of delay and is requested by Defendant Premier to allow Defendant time to perform necessary analysis and carry on discussions with Plaintiffs prior to filing a considered Response.  This brief extension of time does not prejudice any of the parties to this litigation.

**WHEREFORE**, Defendant Premier Financial Company, with the consent of Plaintiffs, respectfully requests that this Honorable Court sign the attached Order granting Defendant Premier an extension of time up through and including July 10, 2008 to respond to Plaintiffs' Complaint.

Respectfully submitted,

_____/s/ Timothy J. Capurso /s/_____

Timothy J. Capurso, #485198
GORDON, FEINBLATT, ROTHMAN,
    HOFFBERGER & HOLLANDER, LLC
The Garrett Building
233 East Redwood Street, 7th Fl.
Baltimore, Maryland  21202-3332
Tel:    (410) 576-4110
Fax:    (410) 576-4034
*e-mail: tcarpuso@gfrlaw.com*

***Attorneys for Defendant,***
***Premier Financial Company***

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 25th day of June 2008, a copy of Defendant Premier Financial Company's Consent Motion to Extend Time to Respond to Plaintiffs' Complaint, and proposed Order, were mailed via first class mail, postage prepaid, to:

Rawle Andrews, Jr., Esquire
Vanessa NesSmith, Esquire
AARP Legal Counsel for the Elderly
601 E. Street, N.W., Suite A4-400
Washington, D.C. 20049
*Attorneys for Plaintiffs*

Andrew C. Bernasconi, Esquire
Reed Smith
1301 K Street, N.W., Suite 1100-E
Washington, DC 20005
*Attorneys for Defendant Indymac Bank, F.S.B.*

American Brokers Conduit
538 Broadhollow Road
Melville, NY 11747
*Defendant in Proper Person*

American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747
*Defendant in Proper Person*

First Mortgage, LLC
100 Painters Mill Road, Suite 800
Owings Mills, MD 21117
*Defendant in Proper Person*

　　　　　　　　　　　　　　　　　　/s/ Timothy J. Capurso
　　　　　　　　　　　　　　　　Timothy J. Capurso, #485198

3

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| HERMAN GRAVES, et al. | * | |
| Plaintiffs, | * | Case No. 2008 CA 003926 B |
| v. | * | Judge Lynn Leibovitz |
| AMERICAN BROKERS CONDUIT, et al. | * | Calendar 11 |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER

Upon consideration of Defendant Premier Financial Company's Consent Motion to Extend Time to Respond to Plaintiffs' Complaint, it is this 26th day of June, 2008,

**ORDERED**, that Defendant Premier Financial Company's Consent Motion to Extend Time to Respond to Plaintiffs' Complaint is **GRANTED**; it is further

**ORDERED**, that Premier Financial Company shall have an extension of time through July 10, 2008 to answer or otherwise respond to the complaint.

Lynn Leibovitz
Associate Judge
(signed in chambers)

Copies to:

Andrew C. Bernasconi
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 -- East Tower
Washington, D.C. 20005

-1-

*Counsel for Defendant Indymac Bank, F.S.B.*

John A. McCauley, Esquire
Gregory T. Wasylak, Esquire
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD  21202
*Counsel for Defendant Savings First Mortgage LLC*

Timothy J. Capurso, Esquire
GORDON, FEINBLATT, ROTHMAN,
HOFFBERGER & HOLLANDER, LLC
The Garrett Building
233 East Redwood Street, 7th Fl.
Baltimore, Maryland 21202-3332
*Counsel for Defendant Premier Financial Company*

Rawle Andrews, Jr., Esquire
AARP Legal Counsel for the Elderly
601 E. Street, NW, Suite A4-400
Washington, DC 20049
*Counsel for Plaintiffs*

American Brokers Conduit
538 Broadhollow Road
Melville, NY 11747
*Defendant*

American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747
*Defendant*

First Mortgage, LLC
100 Painters Mill Road, Suite 800
Owings Mills, MD 21117
*Defendant*

# EXHIBIT B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Graves, Herman & Gracie Plaintiff(s) Civil Action No. 2008 CA 003926 B

vs.

American Brokers Conduit

  Defendant(s)

*[stamp: FILED CIVIL ACTIONS BRANCH JUN 12 2008 SUPERIOR COURT OF THE DISTRICT OF COLUMBIA WASHINGTON, DC]*

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, ___Rawle Andrews, Jr., Esq.___, under oath do hereby state the following:

That my age and birth date are as follows: _____
_____2/14/65_____

That my residential or business address is: _____
601 E Street, N.W., Washington, DC  20049, Suite A4-400

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant __INDYMAC__ __Bank F.S.B.__ by registered/certified mail

That the return receipt attached hereto was signed by _Anne Kiley_____, the Defendant herein or _Anne Kiley_____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _6/2/08_ _____

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

_____

_____
Signature

Subscribed and sworn to before me this _11th_ day of _June_ 19 _2008_

_____
Deputy Clerk/Notary Public

District of Columbia: SS
The foregoing instrument was acknowledged before me this _11th_ day of _June_, 2008.
by _Gail V. Gregham_

_____
Notary Public, D.C.
My commission expires _10-14-2012_

Case: 2008 CA 003926 B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

INDYMAC BANK F.S.B.

888 EAST WALNUT STREET
PASADENA, CA. 19901

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

Anne Kilsey

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

JUN 0 2 2008

3. Service Type
   ☐ Certified Mail       ☐ Express Mail
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7003 1680 0004 6117 7757

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To   INDYMAC BANK F.S.B.

Street, Apt. No.; or PO Box No.   888 EAST WALNUT STREET

City, State, ZIP+4   PASADENA, CA 19901

PS Form 3800, June 2002      See Reverse for Instructions

(Vertical text along left side: 7003 1680 0004 6117 7757)

---

Herman Graves: and Gracie Graves
vs
American Brokers, et al.

Case No. 2008 CA 003926 B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

|  |  |  |
|---|---|---|
| Graves, Herman & Graves | ) | |
| Plaintiff(s) | ) | Civil Action No.2008 CA 003920 |
| | ) | |
| vs. | ) | |
| | ) | |
| American Brokers Conduit Defendant(s) | ) | |
| | ) | |

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Rawle Andrews, Jr., Esq._____, under oath do
hereby state the following:

That my age and birth date are as follows: _____
_2/14/65_

That my residential or business address is: _601 E Street , N
Washington, DC, Suite AA-400   20049_

That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _Premier
Financial Savings a/k/a_____ by registered/certified mail,
Pinnacle Financial That the return receipt attached hereto was signed by
_Nancy A. Landon_____, the Defendant herein or
_Monica J. Landers_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _6/6/08_
_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

_____
Signature

Subscribed and sworn to before me this ___ day of ___, 19__

_____
Deputy Clerk/Notary Public

_My Commission Expires 4/14/__

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PREMIER FINANCIAL CO.;
a/k/a SAVINGS PINNNACLE FINANCIAL SERVICES
605 Main Street
LAUREL, MD.    20707

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
MUNICA LATHER

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)      7003 1680 0004 6117 7747

PS Form 3811, February 2004    Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL▪ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

PREMIER FINANCIAL; SAVINGS
a/k/a PINNACLE FINANCIAL SERVICES
605 MAIN STREET
LAUREL, MD.    &  20707

Herman Graves, and Gracie Graves,

vs

American Brokers, et al.

Case No. 2008 CA 003026 B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Graves, Herman & Gracie            )        2008 CA 003926 B
                                   )
            Plaintiff(s)   )        Civil Action No. _____
                                   )
        vs.                        )
American Brokers Conduit           )
            Defendant(s)   )

> FILED
> CIVIL ACTIONS BRANCH
> JUN 06 2008
> SUPERIOR COURT
> OF THE DISTRICT OF COLUMBIA
> WASHINGTON, DC

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

    I,      Rawle Andrews, Jr., Esq.      , under oath do
hereby state the following:
        That my age and birth date are as follows: _____
            2/14/65
        That my residential or business address is:  601 E Street, NW
Washington, DC Ste. A4-400.   20049
        That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant First Mortgage
    LLC        by registered/certified mail.
        That the return receipt attached hereto was signed by
  Christina Whitley        , the Defendant herein or
  Christina Whitley        , a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as  5/29/08
            .

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

                                    Signature

Subscribed and sworn to before me this  6th  day of  June , 19 2008

                                    Deputy Clerk/Notary Public
                                    Barbara J. Johnson
                                    Notary Public, District of Columbia
                                    My Commission Expires 4/30/2011

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FIRST MORTGAGE, LLC
)0 PAINTERS MILL ROAD, SUITE 800
.NINGS MILLS, MD    21117

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery    5/2?

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0007 0153 7488

PS Form 3811, February 2004    Domestic Return Receipt    102595  Z M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
FIRST MORTGAGE, LLC
Street, Apt. No.; or PO Box No.  100 PAINTERS MILL ROAD
SUITE 800, OWNINGS MILLS, MD
21117

PS Form 3800, June 2002    See Reverse for Instructions

7004 1160 0007 0153 7488

---

Herman Graves: and Gracie Graves

vs

American Brokers, et al.

Case No. 2008 CA 003926 B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Graves, Herman & Gracie

Plaintiff(s)    Civil Action No. 2008 CA 003926B

American Brokers Conduit

vs.

Defendant(s)

FILED
CIVIL ACTIONS BRANCH

JUN 06 2008

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _____ Rawle Andrews, Jr., Esq. _____, under oath do
hereby state the following:

That my age and birth date are as follows: _____
2/14/65

That my residential or business address is: 601 E Street,
NW, Ste. A4-400, Washington, DC 20049

That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant American
Brokers Conduit _____ by registered/certified mail.

That the return receipt attached hereto was signed by
_Angel Ledesma_____, the Defendant herein or
_Angel Ledesma_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _5/30/08_
_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

_____
Signature

Subscribed and sworn to before me this _6th_ day of _June_ 15 _2008_

_____
Deputy Clerk/Notary Public
Barbara J. Johnson
Notary Public, District of Columbia
My Commission Expires 4/30/2011

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMERICAN BROKERS CONDUIT
538 BROADHOLLOW ROAD
MELVILLE, NY 11747

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7003 1680 0004 6117 7788

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Postmark
Here

Sent To  AMERICAN BROKERS CONDUIT
Street, Apt. No.;   538 BROADHOLLOW ROAD
or PO Box No.   MELVILLE, NY 11747
City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7003 1680 0004 6117 7788

---

Herman Graves; and Gracie Graves

vs

American Brokers, et al.

Case No. 2008 CA 003926 B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Graves, Herman & Gracie

Plaintiff(s)

vs.

American Brokers Conduit

Defendant(s)

2008 CA 003926 B

Civil Action No. _____

*Filed...*
*RECEIVED*
*Civil Clerk's Office*
*JUN 0 6 2008*
*Superior Court of the*
*District of Columbia*
*Washington, D.C.*

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, ___Rawle Andrews, Jr., Esq.___, under oath do hereby state the following:

That my age and birth date are as follows: _____

That my residential or business address is: 601 E Street, NW, Ste. A4-400, Washington, DC 20049

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant American Home Mortgage Corporation by registered/certified mail.

That the return receipt attached hereto was signed by ___Angel Ledesma___, the Defendant herein or ___Angel Ledesma___, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as 5/30/08

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

_____
Signature

Subscribed and sworn to before me this 6th day of June 15 2008

_____
Deputy Clerk/Notary Public

Barbara J. Johnson

BARBARA J. JOHNSON
NOTARY PUBLIC
DISTRICT OF COLUMBIA

Case: 2008 CA 003926 B ... umbia 2011
DKT: CIVASSC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Siegel Liebsmy_ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery  5/30

1. Article Addressed to:

AMERICAN HOME MORTGAGE CORPORATION
555 BROADHOLLOW ROAD
MELVILLE, NY  11747

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7003 1680 0004 6117 7764

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

7003 1680 0004 6117 7764

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  AMERICAN HOME MORTGAGE CORP.
Street, Apt. No.; or PO Box No.  538 BROADHOLLOW ROAD
City, State, ZIP+4  MELVILLE, NY  11747

PS Form 3800, June 2002    See Reverse for Instructions

---

Herman Graves; and Gracie Graves

vs

American Brokers, et al.

Case No. 2008 CA 003926 B

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN GRAVES,<br>406 Division Avenue, NE<br>Washington, DC 20019,<br><br>GRACIE GRAVES,<br>406 Division Avenue, NE<br>Washington, DC 20019,<br>     Plaintiffs,<br><br>    v.<br><br>AMERICAN BROKERS CONDUIT<br>538 Broadhollow Road<br>Melville, NY 11747,<br><br>AMERICAN HOME MORTGAGE CORP.<br>538 Broadhollow Road<br>Melville, NY 11747,<br><br>PREMIER FINANCIAL CO.; SAVINGS a/k/a<br>PINNACLE FINANCIAL SERVICES<br>605 Main Street<br>Laurel, MD 20707,<br><br>INDYMAC BANK, F.S.B.<br>888 East Walnut Street<br>Pasadena, CA 19901,<br><br>FIRST MORTGAGE LLC<br>100 Painters Mill Road, Suite 800<br>Owings Mills, MD 21117,<br><br>     Defendants. | Civil Action No. _____ |

## SAVINGS FIRST MORTGAGE LLC'S CONSENT TO AND JOINDER IN NOTICE OF REMOVAL FILED BY INDYMAC BANK, F.S.B.

Defendant Savings First Mortgage LLC, inappropriately and improperly identified in the

caption of Plaintiff's Complaint as "First Mortgage LLC," hereby consents to the removal of this

action, originally filed in the District of Columbia Superior Court and styled as *Graves et al. v.*

*American Brokers Conduit, et al.*, Civil Action No. 3926-08, to the United States District Court for

the District of Columbia, and joins in the Notice of Removal filed with this Court by Defendant

IndyMac Bank, F.S.B. pursuant to 28 U.S.C. §§ 1441 and 1446.[1]

Dated:  June 27, 2008

John McCauley, Esq.
DC Bar No. 460217
Gregory Wasylak, Esq.
DC Bar No. 503362
Venable LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
(410) 244-7400
(410) 244-7742 (fax)
jamccauley@venable.com
gtwasylak@venable.com

*Attorneys for Defendant Savings First Mortgage
LLC*

---

[1]  Paragraph 10 of the Plaintiffs' Complaint refers to Savings First Mortgage LLC as a named defendant. However, the caption of the Complaint names "First Mortgage LLC" as a defendant.  Savings First Mortgage, LLC is not named as a defendant in the caption of the Complaint.   In filing this Consent To And Joinder In Notice Of Removal, Savings First Mortgage LLC expressly reserves all rights with respect to challenging the Complaint, and does not waive or concede any challenges to the propriety of the Plaintiffs' Complaint.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HERMAN GRAVES,<br>406 Division Avenue, NE<br>Washington, DC 20019,<br><br>GRACIE GRAVES,<br>406 Division Avenue, NE<br>Washington, DC 20019,<br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>AMERICAN BROKERS CONDUIT,<br>538 Broadhollow Road<br>Melville, NY 11747,<br><br>AMERICAN HOME MORTGAGE CORP.<br>538 Broadhollow Road<br>Melville, NY 11747,<br><br>PREMIER FINANCIAL CO.; SAVINGS a/k/a<br>PINNACLE FINANCIAL SERVICES<br>605 Main Street<br>Laurel, MD 20707,<br><br>INDYMAC BANK, F.S.B.<br>888 East Walnut Street<br>Pasadena, CA 19901,<br><br>FIRST MORTGAGE LLC<br>100 Painters Mill Road, Suite 800<br>Owings Mills, MD 21117,<br><br>　　　　　　　　　Defendants. | Civil Action No. _____ |

## PREMIER FINANCIAL CO.'S CONSENT TO AND JOINDER IN NOTICE OF REMOVAL FILED BY INDYMAC BANK, F.S.B.

Defendant Premier Financial Co. hereby consents to the removal of this action, originally

filed in the District of Columbia Superior Court and styled as *Graves et al. v. American Brokers*

*Conduit, et al.*, Civil Action No. 3926-08, to the United States District Court for the District of

Columbia, and joins in the Notice of Removal filed with this Court by Defendant IndyMac Bank,

F.S.B. pursuant to 28 U.S.C. §§ 1441 and 1446.[1]


Dated:  June 30, 2008



Timothy J. Capurso, Esq.
DC Bar No. 485198
Gordon, Feinblatt, Rothman, Hoffberger &
Hollander LLC
233 East Redwood Street
Baltimore, MD 21202
(410) 576-4110
410-576-4034 (fax)
tcapurso@gfrlaw.com

*Attorney for Defendant*
*Premier Financial Co.*

---

[1]    In filing this Consent To And Joinder In Notice Of Removal, Premier Financial Co.
expressly reserves all rights with respect to challenging the Complaint, and does not
waive or concede any challenges to the propriety of the Plaintiffs' Complaint.

# EXHIBIT D

Westlaw.

Slip Copy                                                                 Page 1
Slip Copy, 2003 WL 25548018 (W.D.Ky.)
**(Cite as: 2003 WL 25548018 (W.D.Ky.))**

Henson v. Western Star Trucks, Inc.
W.D.Ky.,2003.
Only the Westlaw citation is currently available.
United States District Court,W.D. Kentucky.
Jim M. HENSON Plaintiff
v.
WESTERN STAR TRUCKS, INC. Defendant
**No. Civ.A.3:02CV386S.**

Feb. 4, 2003.

<u>Scott P. Zoppoth</u>, <u>Scott P. Zoppoth</u>, PLLC,
Louisville, KY, for Plaintiff.
<u>Lionel A. Hawse</u>, <u>Patrick Shane O'Bryan</u>,
Woodward, Hobson & Fulton LLP, Lexington, KY,
for Defendant.

*MEMORANDUM OPINION*

<u>SIMPSON</u>, J.
**\*1** This matter, now before the court on the plaintiff's
motion to remand, raises a novel removal issue.

On February 19, 2002, Gulick Truck Parts & Service,
Inc. (hereinafter "Gulick") filed a bankruptcy petition
in the Northern District of Indiana.

On March 1, 2002, the plaintiff, Henson, filed suit in
the Jefferson Circuit Court against Western Star
Trucks Sales, Inc. (now correctly identified as
Western Star Trucks, Inc. and hereinafter referred to
as "Western Star") and Gulick. Western Star was
served with process on March 4, 2002.

After an informal extension agreement between the
parties, Western Star filed a responsive pleading on
April 15, 2002, moving to dismiss.

On April 30, 2002, apparently after Gulick's lawyer
filed a notice of the bankruptcy, the Jefferson Circuit
Court stayed the litigation. The stay order recites that
the stay is "effective as of February 19, 2002,"
apparently in an attempt to avoid conflict with the
automatic bankruptcy stay, although the Jefferson
Circuit Court order is not entered *nunc pro tunc.*

On June 17, 2002, the plaintiff voluntarily dismissed

Gulick as a party.

On July 10, 2002, Western Star filed its notice of
removal in this court, invoking diversity jurisdiction
pursuant to <u>28 U.S.C. § 1332</u>.

The plaintiff filed a timely remand motion,
contending that because Western Star did not file its
notice of removal within thirty days of March 4,
2002, when Western Star was served with summons
and complaint, the removal is defective. The plaintiff
relies on <u>28 U.S.C. § 1446(b)</u>.

Relying on *Patterson v. International Brotherhood of
Teamsters,* 121 F.3d 1345 (9th Cir.1997), and *Easley
v. Pettibone Michigan Corporation,* 990 F.2d 905 (6th
Cir.1993), the defendant contends that its removal is
timely. Those cases are cited for the proposition that
if an-automatic bankruptcy stay is in effect at the
time a state court action is filed, the thirty-day period
for removal under <u>28 U.S.C. § 1446(b)</u> does not
begin to run until relief from the automatic
bankruptcy stay is obtained. Here, of course, no such
relief was obtained. Western Star contends that the
voluntary dismissal of Gulick is analogous to relief
from the automatic bankruptcy stay, and that once
Gulick was dismissed the action became removable
and was properly removed within thirty days.

We analyze this factual situation as follows.

It is hornbook law that, for a removal to be effective,
all defendants must either remove, or join/consent to
removal. A well-recognized exception is with respect
to a party-defendant who has not been served by the
time the removal petition is filed. The court is not
advised as to when or if Gulick was served with a
summons and complaint. What is clear, however, is
that the plaintiff's lawsuit against Gulick was filed
post-petition, and in violation of the automatic
bankruptcy stay. The Sixth Circuit has held that, in
such a situation, the commencement of the plaintiff's
action against the party protected by the automatic
bankruptcy stay is viewed as taking place when relief
from the stay is obtained. *Easley v. Pettibone, supra*
at 908.The thirty-day period for removal, therefore,
did not apply against Gulick, since the stay was never

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

lifted. *Easley, supra* at 909.What follows from this conclusion is that Gulick was not required to remove, or to join/consent to removal.

**\*2** The thirty-day period for removal by Western Star commenced with the service upon it of the summons and complaint. 28 U.S.C. § 1446(b). Western Star took no steps to remove during this period of time. Although the plaintiff's claims against Gulick were automatically stayed by operation of bankruptcy law, the Jefferson Circuit Court did not stay its own action until April 30, 2002. The effect of either of these observations, however, is irrelevant, because the plaintiff's claims against Western Star were not stayed at anytime during the permissible removal period. The plaintiff's claims against Western Star were stayed by the Jefferson Circuit Court, perhaps erroneously, well after Western Star's removal window had closed. Since the retroactive stay order was not entered *nunc pro tunc,* we need not decide here whether the Jefferson Circuit Court's retroactive stay order absolved Western Star of any obligation to remove within thirty days of service upon it. We believe, however, that the retroactive Jefferson Circuit Court stay order had no effect on Western Star's time to remove, simply because a state court has no authority to create exceptions to federal procedural law.

We conclude as follows: During the pendency of this action in the Jefferson Circuit Court, and during the time period provided by 28 U .S.C. § 1446(b), Western Star failed to remove. We need not decide whether, had it done so, consent or joinder by Gulick would have been required. But since Gulick's own time window for removal had not yet begun to run and may have never begun to run, we believe Gulick's consent or joinder was unnecessary.

Because Western Star failed to remove within the time periods provided by federal law, the plaintiff's motion for remand will be granted by separate order.

W.D.Ky.,2003.
Henson v. Western Star Trucks, Inc.
Slip Copy, 2003 WL 25548018 (W.D.Ky.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_HERMAN GRAVES, ET AL_
Plaintiff

v.

Civil Action No.

_AMERICAN BROKERS CONDUIT, ETAL_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge _____. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action.  (See preceding sentence for judge's initials).

**KOLLAR-KOTELLY, J.C.KK**

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

929A
Rev. 7/02

cc: _RAWLE ANDREWS, JR._
_JOHN McCAULEY_
_PREMIER FINANCIAL SRVCS._
_AMERICAN BROKERS CONDUIT_