UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERMAN GRAVES, *et al*. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:08- 1140 (EGS) |
| v. ) | |
| ) | |
| AMERICAN BROKERS CONDUIT, *et al*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT SAVINGS FIRST MORTGAGE LLC'S ANSWER TO VERIFIED COMPLAINT

Defendant Savings First Mortgage, LLC's ("SFM"), by its undersigned attorneys, answers the Verified Complaint filed by the plaintiffs Herman and Gracie Graves (the "Plaintiffs") and responds as follows[1]:

1.  SFM denies the allegations in paragraph 1.

2.  Paragraph 2 sets forth legal conclusions that require no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 2.

3.  Paragraph 3 sets forth a legal conclusion that requires no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 3.

4.  Paragraph 4 sets forth a legal conclusion that requires no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 4.

---

[1] SFM is incorrectly and improperly named and identified in the complaint as "First Mortgage, LLC."

5. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

6. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. SFM denies the allegations in paragraph 10, except it admits that SFM maintains an office at 100 Painters Mill Road in Owings Mills, Maryland and that it is a licensed mortgage lender and broker in the District of Columbia.

11. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19. SFM denies the allegations in paragraph 19.

20. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22. SFM denies the allegations in paragraph 22, except SFM admits that it is identified as the "lender" in the Adjustable Rate Note and Deed of Trust dated November 13, 2006 which were executed by the Plaintiffs.

23. SFM denies the allegations in paragraph 23, except it admits that SFM sold the mortgage loan to IndyMac Bank.

24. SFM denies the allegations in paragraph 24 and refers to the Adjustable Rate Note for its contents.

25. SFM denies the allegations in paragraph 25 and refers to the Adjustable Rate Note for its contents.

26. SFM denies the allegations in paragraph 26.

27. SFM denies the allegations in paragraph 27.

28. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 28, except it admits that the Adjustable Rate Note was executed by plaintiff Gracie Graves.

29. SFM denies the allegations in paragraph 29.

30. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 30.

31. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 31.

32. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 32.

33. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 33.

34. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 34.

35. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 35.

36. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

37. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 38.

39. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 39.

40. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

42. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

45. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 45.

46. To the extent Plaintiffs' use of the term "Defendant" purports to include SFM, SFM denies the allegations in paragraph 46.

47. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 47.

48. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 48.

49. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 49.

50. SFM denies the allegations contained in paragraph 50.

51. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 51.

## COUNT I

(Violation of the D.C. Consumer Protection Procedures Act Savings First, IndyMac, Premier, and American Brokers Conduit)

52. In response to paragraph 52 of the Complaint, SFM hereby incorporates by reference its responses to paragraphs 1 through 51 of the Complaint.

53. Paragraph 53 sets forth a legal conclusion that requires no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 53.

54. Paragraph 54 sets forth legal conclusions that require no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 54.

55. Paragraph 55 sets forth a legal conclusion that requires no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 55.

56. Paragraph 56 sets forth a legal conclusion that requires no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 56.

57. SFM denies the allegations in paragraph 57.

57 (sic). SFM denies the allegations in the paragraph erroneously numbered 57.

58. SFM denies the allegations contained in paragraph 58.

59. SFM denies the allegations contained in paragraph 59.

## COUNT III (sic)

(Violation of the Truth-in-Lending Act by Savings First and American Brokers Conduit)

60. In response to paragraph 60 of the Complaint, SFM hereby incorporates by reference its responses to paragraphs 1 through 59 of the Complaint.

61. SFM denies the allegations in paragraph 61.

62. Paragraph 62 sets forth a legal conclusions that require no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 62.

63. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 63, except SFM admits that it is identified as the "lender" in the Adjustable Rate Note and Deed of Trust dated November 13, 2006.

64. Paragraph 64 sets forth a legal conclusions that require no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 64.

65. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 65.

66. SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 66.

## COUNT IV

(Violation of D.C. Code § 28-3301 by American Brokers Conduit)

67. In response to paragraph 67 of the Complaint, SFM hereby incorporates by reference its responses to paragraphs 1 through 66 of the Complaint.

68. Paragraph 68 does not involve claims asserted against SFM and therefore do not require a response by SFM. To the extent a response is required, paragraph 68 sets forth a legal conclusion that requires no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 68.

### COUNT V

(Violation of TILA by Defendant Assignee)

69. In response to paragraph 69 of the Complaint, SFM hereby incorporates by reference its responses to paragraphs 1 through 68 of the Complaint.

70. Paragraph 70 does not involve claims asserted against SFM and therefore do not require a response by SFM. To the extent a response is required, paragraph 70 sets forth a legal conclusions that require no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 70.

71. Paragraph 71 does not involve claims asserted against SFM and therefore do not require a response by SFM. To the extent a response is required, SFM is without knowledge or information sufficient to form a belief as to the allegations in paragraph 71.

72. Paragraph 72 does not involve claims asserted against SFM and therefore do not require a response by SFM. To the extent a response is required, paragraph 72 sets forth a legal conclusions that require no admission or denial. To the extent an admission or denial is required, SFM denies the allegations in paragraph 72.

### COUNT VI

(Violation of the CPPA by IndyMac and Defendant Assignees)

73. In response to paragraph 73 of the Complaint, SFM hereby incorporates by reference its responses to paragraphs 1 through 72 of the Complaint.

74.     SFM denies the allegations in paragraph 74.

Any allegation of fact contained in the complaint that has not specifically been admitted in this answer is hereby denied.

SFM denies that the Plaintiffs are entitled to any of the relief requested in the paragraph beginning with the words "Prayer for Relief." To the extent that paragraph may be read as containing allegations of fact, SFM denies the allegations.

## ADDITIONAL DEFENSES

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred by the applicable statute(s) of limitations and/or statute(s) of repose.

3.      Plaintiffs' claims may be barred or reduced, in whole or in part, by the doctrine of estoppel.

4.      Plaintiffs' claims may be barred or reduced, in whole or in part, by the doctrine of waiver.

5.      Plaintiffs' claims may be barred or reduced, in whole or in part, by res judicata.

6.      Plaintiffs' claims may be barred or reduced, in whole or in part, by a release.

7.      Plaintiffs' claims may be barred or reduced, in whole or in part, by an accord and satisfaction.

8.      Plaintiffs' claims may be barred or reduced, in whole or in part, by the doctrine of laches.

9. The Plaintiffs assumed the risk of a change in interest rate by agreeing to an adjustable rate mortgage or by failing to pay attention to the contents of the loan documents and other written disclosures made to them.

10. Plaintiffs should be estopped from claiming they were deceived because the true terms of the transaction were fully disclosed to them at a time when they had an unqualified right to refuse to go forward with settlement or to cancel or rescind the transaction.

11. Plaintiffs' claims are barred by the doctrine of unclean hands.

12. Plaintiffs' state law claims may be preempted by Federal Law.

13. Plaintiffs may have failed to mitigate their alleged damages.

14. Plaintiffs did not justifiably or reasonably rely on any alleged misrepresentations of SFM.

15. The remedies sought by the Plaintiffs would unjustly enrich the Plaintiffs who have received value for the subject loan.

16. Plaintiffs' damages, if any, were not proximately caused by any act or omission of SFM.

17. Plaintiffs' claims for punitive damages are barred by the Due Process, Equal Protection, Double Jeopardy and Excessive Fines Clause of the United States Constitution, as well as other provisions therein, and by the Constitution, Declaration of Rights, law (including case law, statutes and rules) and public policy of the District of Columbia, and various other jurisdictions whose laws may be found to apply to the claims asserted.

18. Plaintiffs' claims for punitive damages are barred because the allegations of the Complaint are legally insufficient to support a claim for punitive damages.

19. Punitive damages are inappropriate because current circumstances are such that they would serve no legitimate deterrent or retributive purpose.

20. SFM hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense.

WHEREFORE, SFM respectfully requests that the Complaint be dismissed as against it, and that the Court order the Plaintiff to pay SFM's legal costs and expenses, including reasonable attorney fees.

/s/ *John A. McCauley*
John A. McCauley (Bar No. 05031)
Venable, LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400 (tel)
(410) 244-7742 (fax)
jamccauley@venable.com
*Attorneys for Defendant*
*Savings First Mortgage, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July, 2008, a copy of *Defendant Savings First Mortgage, LLC's Answer to Verified Complaint* was served by the Court's electronic filing system upon:

>Rawle Andrews, Jr., Esq.
>AARP Legal Counsel for the Elderly
>601 E Street, N.W. Ste. A4-400
>Washington, DC 20049
>*Attorneys for Plaintiffs*
>*Herman and Gracie Graves*
>
>Andrew C. Bernasconi, Esq.
>Reed Smith LLP
>1301 K Street, N.W.
>Suite 1100, East Tower
>Washington, DC 20005
>*Attorneys for Defendant*
>*IndyMac Bank, FSB*
>
>Catherine A. Bledsoe, Esq.
>Gordon, Feinblatt, Rothman, Hoffberger
>& Hollander LLC
>233 East Redwood Street
>Baltimore, MD 21202

and via first-class, mail on:

>American Brokers Conduit
>538 Broadhollow Road
>Mellville, NY 11747
>
>American Home Mortgage Corp.
>538 Broadhollow Road
>Mellville, NY 11747

>>/s/ *John A. McCauley*
>>John A. McCauley